# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JAE MICHAEL HAMMOND,**

        **Plaintiff,**

v.                                                                    Case No: 6:25-cv-65-CEM-DCI

**UNITED STATES OF AMERICA, et al.,**

        **Defendant**

## ORDER

This cause is before the Court on the three filings by the *pro se* Plaintiff:

1. EMERGENCY MOTION TO COURT TO PROVIDE CLARIFICATION ON DOCUMENT #37 ORDER... SPECIFICALLY THE INSTRUCTIONS TO REFILE SUMMONS AND USM285 WITH CLERK OF COURT AND OTHER ISSUES IN THIS CASES ADMINISTRATION (Doc. 38);

2. EMERGENCY MOTION TO COURT TO TAKE NOTICE OF INNABILITY TO COMPLY WITH ORDER 37 AFTER MULTIPLE NOTICES OF COMPUTER SYSTEMS CRIMES AND OBSTRUCTIONS OF JUSTICE; SPECIFICALLY THE INSTRUCTIONS TO REFILE SUMMONS AND USM285 WITH CLERK OF COURT AND NEED FOR ATTORNEY IN MISSING CHILDRENS CASE TITLE 42 USC 11601; TITLE 34 USC MISSING CHILDREN ASSISTANCE ACT 2018 "MCAA"; TITLE 22 USC CHAPTERS 97 AND 98 and FAILURES of THE FEDERALRULES OF CIVIL PROCEDURE "FRCP 2024" (Doc. 41); and

3. CRIMINAL COMPLAINT AND REQUEST FOR INJUNCTIVE ACTION (Doc. 43).

The first two motions were designated as "emergency motions." Docs. 38 and 41. Pursuant to Local Rule 3.01(f):

> (f) EMERGENCY OR TIME-SENSITIVE MOTION. If a party moves for emergency or time-sensitive relief, the title of the motion must include "emergency" or "time-sensitive," and the motion must include an introductory paragraph that explains the nature of the exigency and states the day by which a ruling is requested. The unwarranted designation of a motion as an emergency can result in a sanction.

In the emergency motions, Plaintiff sought clarification of a prior order concerning service of process and requested that the Court take immediate action in relation to Plaintiff's claims. However, Plaintiff did not comply with Local Rule 3.01(f). Further, though the Court understands that Plaintiff considers this entire action exigent, the filings at issue here, seeking reconsideration of prior orders and making repeated requests for relief, are not emergencies as contemplated by the Local Rule. Accordingly, the emergency motions are due to be denied without prejudice. Further, to the extent both motions relate to service, government counsel has appeared for all Defendants in this case. If there is an issue concerning service, the government can raise it now, and the case will proceed on the parties' filings. To the extent the emergency motions complain about the pace of this case, no relief is due to Plaintiff, as the case will proceed in due course. To the extent Plaintiff requests other relief in the emergency motions, such relief is due to be denied without prejudice because the motions fail to comply with Local Rules 1.08 and 3.01(a). In particular, Local Rule 3.01(a) requires that, "A motion must include — in a single document no longer than twenty-five pages — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." Here, Plaintiff's emergency motions contain tiered lists of factual assertions, allegations, and questions. Such filings do not comply with the Local Rules of this Court.

As to the "criminal complaint and request for injunctive action" (Doc. 43), the rules of this court do not provide for a private party, such as Plaintiff, to file a criminal complaint. Accordingly, it is due to be stricken. Further, to the extent that Plaintiff requests relief from the court via the filing, it suffers from the same infirmities as the emergency motions. *See* Local Rules 1.08 and 3.01(a).

Finally, all three of the documents violate Federal Rule of Civil Procedure 5.2 because they contain, among other things, the full names of minor children.

Accordingly, it is **ORDERED** that the emergency motions (Docs. 38 and 41) are **DENIED without prejudice** and the criminal complaint (Doc. 43) is **STRICKEN**.

Plaintiff is cautioned that any document filed in violation of Federal Rule of Civil Procedure 5.2 will be stricken without further notice.

Finally, the parties are reminded that, "Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice." Doc. 6.

**ORDERED** in Orlando, Florida on September 19, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE