UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JAE MICHAEL HAMMOND,**

**Plaintiff,**

**v.** **Case No. 6:25-cv-65-CEM-DCI**

**UNITED STATES DEPARTMENT OF STATE OFFICE OF CHILDRENS INFORMATION, SECRETARY OF THE UNITED STATES DEPARTMENT OF STATE, UNITED STATES DEPARTMENT OF STATE BUREAU OF CONSULAR AFFAIRS OF ABROAD SINGAPORE, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, DIRECTOR OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES DEPARTMENT OF JUSTICE CRIMINAL DIVISION, UNITED STATES DEPARTMENT OF JUSTICE CIVIL DIVISION, UNITED STATES DEPARTMENT OF JUSTICE OFFICE OF JUVENILE JUSTICE DELINQUENCY PREVENTION, ACTING ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA, FEDERAL BUREAU OF INVESTIGATION, DIRECTOR OF THE FEDERAL**

**BUREAU OF INVESTIGATION, and THE SPECIAL AGENT IN CHARGE OF THE FEDERAL BUREAU OF INVESTIGATION OF TAMPA REGIONAL OFFICE,**

**Defendants.**

_________________________________/

## ORDER

THIS CAUSE is before the Court on Defendants' Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 60). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 73), recommending that the Court (1) dismiss the Amended Complaint without prejudice and give Plaintiff an opportunity to amend, (2) deny Plaintiff's request for appointment of counsel, and (3) deny the Motion to Dismiss, (*id.* at 14).

Plaintiff filed a document titled "03/31/26 MOTION IN RESPONSE TO GENERAL MAGISTRATE JUDGE REPORT AND RECOMMENDATION TO THE PRESIDING UNITED STATES DISTRICT JUDGE IN CASE 625CV65CEMDCI & FOR IMMEDIATE AND PERMANENT INJUNCTIVE RELIEF" (Doc. 74), which will be construed as an Objection to the R&R. Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed.

R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff first objects "ENTIRELY TO ALL COMPONENTS OF THE [R&R]," except the Magistrate Judge's previous determination that Plaintiff be permitted to proceed *in forma pauperis*. (Doc. 74 at 2). This Objection is a general one that does not trigger *de novo* review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (explaining that to warrant *de novo* review, "[i]t is critical that the objection be sufficiently specific and not a general objection to the report").

Plaintiff then appears to object to the Magistrate Judge's December 31, 2025 Endorsed Order (Doc. 72). (Doc. 74 at 2–3). Yet this Objection was filed on April 9, 2026, more than three months after the Order was issued. It is therefore untimely and will be overruled. *See* Fed. R. Civ. P. 72(a). Plaintiff also objects to the assignment of a magistrate judge to this case, asserting that he never consented to a magistrate judge and a magistrate judge may not be assigned to a Hague Convention case. (Doc. 74 at 3). Pursuant to 28 U.S.C. § 636 and Local Rule 1.02, upon referral from the district court judge, the magistrate judge has the authority to issue an order on non-dispositive matters and a report and recommendation on dispositive matters,

regardless of whether the parties consent. There is no limitation on the authority of magistrate judges in the International Child Abduction Remedies Act ("ICARA"), which implemented the Hague Convention. *See generally* 22 U.S.C. § 9001 *et seq*.

Finally, within the Objection, Plaintiff requests that the Court issue an injunction requiring the United States to return Plaintiff's children, who are currently in Singapore, to the United States. (Doc. 74 at 3). A request for injunctive relief is not properly brought within an objection and must be made by a motion. *See* Fed. R. Civ. P. 7(b)(1) ("[a] request for a court order must be made by motion"). Yet even if Plaintiff had properly made a request for this injunctive relief, it would be denied because Plaintiff has failed to show a likelihood of success on the merits. *Llovera v. Florida*, 576 F. App'x 894, 896 (11th Cir. 2014) (explaining that failure to satisfy even one element for a preliminary injunction is fatal to issuance of the injunction). As explained in the R&R, Plaintiff's Complaint is a shotgun pleading. Simply put, "'[s]hotgun pleadings' do not establish a substantial likelihood of success on the merits." *Barge v. United States*, No. 3:22cv6729/TKW/ZCB, 2022 U.S. Dist. LEXIS 223370, at *2 (N.D. Fla. Nov. 7, 2022) (citing *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011)).

The R&R recommended that Plaintiff be given leave to amend within certain parameters. (Doc. 73 at 4–5). Specifically, the Magistrate Judge recommended that Plaintiff not be granted leave to include claims brought pursuant to the International

Parental Kidnapping Crime Act (“IPKA”), 18 U.S.C. § 1204; the Patriot Act; the Homeland Security Act; the Intelligence Reform and Terrorism Prevention Act; the United Nations—Universal Declaration of Human Rights (“UDHR”); and the Reporting Requirement for Missing Children, 34 U.S.C. § 41307, because no private cause of action exists under these laws. (*Id.*). The Magistrate Judge also found that amendment would be futile to the extent that Plaintiff brings direct constitutional claims against the United States and requests a writ of mandamus to compel prosecution. (*Id.* at 9–10).

Further, the Magistrate Judge explained that the ICARA requires petitions to be filed in the place where the children are located. (*Id.* at 6 (citing 22 U.S.C. § 9003(b))). Because Plaintiff’s children are in Singapore and were in Singapore at the time Plaintiff filed this case, the Magistrate Judge properly concluded that amendment would also be futile as to Plaintiff’s ICARA claims. (*Id.* at 7). After the R&R was filed, Plaintiff filed an “ICARA Complaint for Return of Children” (Doc. 86), which will be stricken. Plaintiff will be permitted to file an amended complaint that complies with the limitations outlined in the R&R.

The Court has reviewed and considered Plaintiff’s Objections to the R&R and finds them to be without merit. Therefore, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Magistrate Judge’s recommended disposition is accepted, and the R&R is incorporated herein by reference. *See*

*Williams v. Omega Labs. Inc.*, 2026 WL 1847300, at *2 (11th Cir. June 26, 2026) (holding that a district court need not "restate what was already detailed" by the Magistrate Judge and adopted into the order).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objection (Doc. 74) is **OVERRULED**.
2. The Report and Recommendation (Doc. 73) is **ADOPTED** and made a part of this Order.
3. Plaintiff's Amended Complaint (Doc. 8) is **DISMISSED without prejudice**.[1]
4. Defendants' Motion to Dismiss (Doc. 60) is **DENIED without prejudice**.
5. Plaintiff's ICARA Complaint for Return of Children (Doc. 86) is **STRICKEN**.
6. **On or before September 23, 2026**, Plaintiff may file an amended complaint that corrects the deficiencies set forth in the Report and Recommendation and does not include any causes of action deemed

[1] The Magistrate Judge also recommends denying without prejudice Plaintiff's request for appointment of counsel. The Court agrees with the substance of this analysis. However, because the request was improperly set forth in the Complaint, rather than as a motion, and the Complaint is dismissed, it need not be separately denied.

futile therein. Failure to do so will result in the closure of this case without further notice.

**DONE** and **ORDERED** in Orlando, Florida on September 2, 2026.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party
Counsel of Record